**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **MARGARET L. THOMAS,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**OFFICE OF PERSONNEL MANAGEMENT,**<br><br>*Defendant.* | **CIVIL ACTION NO. 3:26-cv-00077-TES** |

**ORDER OF DISMISSAL**

On October 1, 2026, the Court afforded pro se Plaintiff Margaret L. Thomas 14 days to show cause why her complaint against the Office of Personnel Management for the United States Postal Service should not be dismissed for her failure to comply with Federal Rule of Civil Procedure 4(m)'s 90-day service deadline. [Doc. 1]; [Doc. 10]. Plaintiff's show-cause deadline expired on October 15, 2026, and the Court received nothing in response as of the date of this order. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), [three] days are added after the period would otherwise expire under Rule 6(a).").

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must*

dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); [Doc. 10, p. 2]. As the Court previously explained, service of a complaint is a plaintiff's responsibility, and district courts are obligated to "extend the time for service for an appropriate period" "if the plaintiff shows good cause for the failure" to timely serve. Fed. R. Civ. P. 4(m); [Doc. 10, pp. 1–2 (citing Fed. R. Civ. P. 4(c)(1)), 4]. "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs,* 476 F.3d 1277, 1281 (11th Cir. 2007)).

Here, Plaintiff filed her complaint against the Office of Personnel Management on June 30, 2026. [Doc. 1, p. 1 (stamp filed as received on "JUN30'26")]. Therefore, applying Rule 4(m)'s 90-day period, she had until September 28, 2026, to serve the Office of Personnel Management in accordance with the Federal Rules of Civil Procedure—with Rule 4(i) for serving the United States and its agencies, corporations, officers, or employees, to be specific. *See* [Doc. 10, pp. 2–3]. While courts must "give liberal construction to the pleadings of pro se litigants," pro se litigants are required to "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Despite the opportunity to show "good cause" for her failure to timely serve the Office of Personnel Management, Plaintiff offered no explanation. She did, however, file a

motion unrelated to the show-cause inquiry, but the Court denied that motion since the Office of Personnel Management has not been served. [Doc. 11]; [Doc. 12]. With Plaintiff having failed to demonstrate good cause for her failure to comply with Rule 4(m)'s 90-day service period and obligate the Court to extend the service deadline, the Court must also consider whether a permissive extension is warranted. "[A] district court's dismissal of a case under Rule 4(m) after finding that [a] plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period is 'premature.'" *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (quoting *Lepone-Dempsey*, 476 F.3d at 1282).

In other words, "[e]ven [when] a district court finds that a plaintiff failed to show good cause, '[it] must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *Rance*, 583 F.3d at 1286 (quoting *Lepone-Dempsey*, 476 F.3d at 1282). In determining whether a permissive extension is warranted, courts look at the factors set forth in the advisory committee notes to Rule 4. *Horenkamp v. Vanwinkle and Co.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005). For example, "relief may be justified . . . if the applicable statute of limitations would bar the refiled action" or if the named defendant is "evading service or conceals a defect in attempted service." *Id.* (citation omitted). While a without-prejudice dismissal would likely bar Plaintiff from refiling her lawsuit, a permissive extension is not warranted in this case for the following reasons.

To the first factor, the running of a statute of limitations does not in and of itself require district courts to extend time for service of process under Rule 4(m). *Lepone-Dempsey*, 476 F.3d at 1282. Rather, all that's required for courts is that they consider whether the statute of limitations would bar a particular plaintiff from asserting his or her claims in the future. *Id.* ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor."). Early in this case, the Court noted that Plaintiff's complaint is "difficult to interpret" but that "she appears to allege issues concerning her retirement annuity that may have come to light in the 1990s." [Doc. 5, p. 1]. Looking closely at the contents of her complaint, the Court also noted that this case is not the first she's commenced "concerning the same allegations." [*Id.* at p. 1 n.1 (citing Complaint, *Thomas v. Off. of Pers. Mgmt.*, No. 3:10-CV-88 (CAR) (M.D. Ga. Oct. 27, 2010), Dkt. No. 1)]. In that previous case, the court harbored concerns on whether Plaintiff's efforts to enforce liability under 5 U.S.C. § 552a(g)(5) for employment determinations involving the United States Postal Service may have been untimely. *See* Order, *Thomas v. Off. of Pers. Mgmt.*, No. 3:10-CV-88 (CAR) (M.D. Ga. Nov. 17, 2010), Dkt. No. 5. Those same concerns quickly surface for this case as well. Put simply, if Plaintiff chooses to refile this lawsuit, her claims would likely be time barred. Notwithstanding that likelihood, the Court, based on the facts of this case, does not find that a seemingly

expired statute of limitations warrants an extension of time for service.

Second, there is nothing to indicate that the Office of Personnel Management for the United States Postal Service is evading service, and, more than that, it appears there hasn't been any service attempt at all. *See* Fed. R. Civ. P. 4(i)(4). After the Court informed Plaintiff of her service obligations under Rule 4(i), she made no effort to tell the Court how she would or how she tried to comply with those requirements. [Doc. 10, pp. 2–3]. In short, Plaintiff has not offered nor can the Court determine—based on the circumstances of this case—that there are "any other circumstances" that justify an extension. *Bilal*, 981 F.3d at 920. Accordingly, the Court **DISMISSES** Plaintiff's complaint **without prejudice** pursuant to Rule 4(m) and **DIRECTS** the Clerk of Court to **CLOSE** this case. Fed. R. Civ. P. 4(m).

**SO ORDERED**, this 20th day of October, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**